HOPKINS *v.* TRIPP.

AUTOMOBILES—DAMAGES—EVIDENCE—QUESTION FOR JURY.
　　In an action by an occupant of an automobile against the owner of another automobile to recover damages for injuries sustained in a collision, the evidence *held*, to present a question for the jury as to whether defendant was negligent or plaintiff was guilty of contributory negligence.

Error to Oakland; Smith, J. Submitted April 9, 1917. (Docket No. 27.) Decided September 27, 1917.

Case by Minnie Hopkins against Arthur R. Tripp for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Patterson & Patterson,* for appellant.

*Andrew L. Moore,* for appellee.

OSTRANDER, J. It is complained by defendant, appellant, that the court erred in refusing to direct a verdict for him, erred in amending certain preferred requests to charge the jury upon the subject of plaintiff's contributory negligence, and erred in refusing to set aside the verdict and enter judgment for defendant because of plaintiff's negligence, or grant a new trial because the verdict is contrary to the great weight of evidence.

In deciding adversely to defendant the motion for a judgment or a new trial, the trial judge stated that he was satisfied that the verdict was against the clear weight of evidence, and that, technically, the defendant was entitled to a new trial. The verdict (which was for $200) is accounted for, he says, by the following reasons:

"(1) My experience long ago taught me that the ordinary jury in most litigation between a layman and a lawyer is somewhat prejudiced against the lawyer. I could cite instances.

"(2) It was made to appear to the jury that Mrs. Hopkins and her husband were in rather straitened circumstances financially, working people in fact, and that Mr. Tripp is not. I make no assertion as to whether that is true or not, but the jurors believed so.

"(3) Mrs. Hopkins was injured. In hurrying across the street a few moments after the accident for aid for his wife, Mr. Hopkins was struck by an automobile and also injured. Mr. Tripp escaped any personal injury. This appealed to the sympathy of the jurors.

"In theory the jurors do not disclose their deliberations and reasons for their verdict. In fact, they very often do. I am entirely certain that the verdict was a compromised one. That nearly all of the jurors were for a verdict against the defendant, and a majority of them for a large verdict against him; also that it was because of the above reasons, especially No. 3. Their view was that it should be decided upon what they considered as equitable grounds, that because Mr. Tripp was not injured and able to pay, therefore he ought to contribute."

He finds that, *technically*, the defendant is entitled. to a new trial, but says:

"This is an expensive case both to the litigants and the county. It will require nearly a week's time. A new jury will be made up of men of like bias and sympathies as the other one. The same three reasons above stated will exist. It is my sincere belief that a new trial is very much more likely to result in a larger verdict against the defendant than of one in his favor. If it is granted, it should be by the Supreme Court. It is for consideration by that court that the above general statement is made."

Plaintiff is wife of George Hopkins, who was owner of a Ford touring car. They have a daughter, Lillian. Defendant was owner of a large four-cylinder Buick touring car. All live in Pontiac. The main north

and south street in Pontiac is Saginaw street. In the business section, a street called Auburn avenue enters Saginaw street from the east, but does not cross it, there being stores, etc., on the west side of Saginaw directly across from Auburn avenue. From Saginaw street Auburn avenue runs a little south of east. Saginaw street is 65 feet wide from curb to curb, and in it are three street car tracks. From curb to curb Auburn avenue is 35 feet wide. On the north side of Auburn, and east of Saginaw, is a block of stores extending east to an alley. On the southeast corner of Saginaw and Auburn is a barber shop, and south of that, on Saginaw, stores, one of which, a few doors from the corner, housed the sales agency and garage of the Buick Motor Car Company. With the garage as his objective, defendant was driving his car, carrying several persons, on Auburn avenue, towards Saginaw street, at the moment when the Hopkins car, driven by Lillian, and carrying her mother, father, and another, was going south on Saginaw and intending to enter Auburn, on which street was the Hopkins home. By the law of the road, defendant should have proceeded on the north side of Auburn into and across Saginaw, going south on the west side of Saginaw. So plaintiff's car should have been driven south on the west side of Saginaw, turning east and entering Auburn avenue on its south side. In fact, the cars were in collision at the southeast corner of the intersection of these streets, on the crosswalk over Auburn, on the east side of Saginaw. The inference is that one or both of the drivers was in fault. The jury returned a negative answer to the special question, "Did the Hopkins car approach the northeast corner of Auburn avenue on the easterly side of Saginaw street?" thus rejecting defendant's contention, supported by his own and other testimony:

That Lillian was cutting the corner, turning into

Auburn avenue from the north at the moment when defendant was entering Saginaw street from the north side of Auburn; "that by reason of buildings and a delivery wagon and another vehicle or two intervening and the Hopkins machine approaching diagonally from the northwest, the automobiles were concealed from each other, and came into view and were observed when not more than 15 or 20 feet apart; that the speed, direction, and nearness together of the two automobiles threatened an immediate and violent collision unless some means were instantly found and employed to avoid the same, and avert the danger thereof; that because of the conditions confronting him, which the defendant believed rendered any other course extremely perilous, if not absolutely impossible, he at once realized that the safety of all in both machines required him to, and he accordingly did, immediately turn his automobile to the left, release the clutch, and put on the service brake, upon the assumption that the driver of the Hopkins automobile would sheer to the right, proceed a little way south on Saginaw street, and thus avoid any collision, which she could easily have done, but only did in part; and that because she did not continue going south a little way further, after having started to do so, nor seasonably attempt any other means calculated to prevent a collision, but, instead of doing either, after veering sufficiently to the right and proceeding southward on Saginaw street, passing defendant's automobile, did suddenly, without warning and unexpectedly to defendant, turn her machine to the left in an attempt to proceed up Auburn avenue, by dashing past in front of defendant's automobile before it was fully stopped, which she very nearly succeeded in doing, the collision took place."

With this contention rejected, there was nothing except the plaintiff's theory to explain how the cars reached the positions they were in when movement ceased. Defendant testified that the impact was slight; his own car having practically come to a standstill when it struck plaintiff's car. The position of the cars unexplained, or explained only by knowledge

of the places to which, and general directions in which, they were respectively being driven, indicated that defendant was the misbehaving driver. There was positive testimony of his misbehavior, and of plaintiff's care. The record makes a case for a jury. There was conflicting testimony affecting every material issue, for which reason the court could not properly determine any of them. From the record it seems there is more, and better, testimony opposed to than there is in support of plaintiff's theory, but it is not so conclusive as to require this court to overrule the trial court in refusing a new trial.

What has been said answers the contention presented in appellant's brief and requires an affirmance of the judgment. I have not considered, because appellant does not, the reasons stated by the trial court for granting, and for refusing, a new trial, nor considered why, if defendant, in the opinion of the trial court, is *entitled* to a new trial, this court and not the trial court, should grant it.

Plaintiff claims to have received considerable injuries. The verdict, if defendant was at fault, does not indicate prejudice. Counsel for appellee asserts that certain purported facts set forth by the court in denying the motion rest wholly in the mind of the court, and are not supported by the record; that, for example, there is nothing about George Hopkins' financial condition, or whether defendant is rich or poor.

The judgment is affirmed, with costs to appellee.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.